By the Court,
Robertson, Oh. J.
Assuming that the nineteen bales of hops sold by the defendant and marked by the purchaser with a letter and numbers, were, after such purchase, in the constructive possession of the former or of such purchaser, although in the actual possession of the warehouseman, and were unlawfully converted by the plaintiff to his own use, I do not see how the defendant can have any lien for their value'. The admission of the defendant, on the stand as a witness, and the testimony of the plaintiff, conclusively show that neither party had the slightest idea that the money paid by the defendant to the plaintiff in rendering his account of sales, was such an advance as a factor may make to his principal on the faith of merchandise in his possession. It was the payment either of the sum due by the purchaser to the principal for the hops sold and delivered, or a discharge of the defendant’s liability as a del credere factor or for having sold contrary to instruction, which was to sell for cash. After that payment the plaintiff could have no right of action against either the defendant or the purchaser, for the price of the goods, nor . could the defendant have any right of action to recover back such sum from the plaintiff as money lent and advanced.
The attempt to convert an appropriation of the defendant’s or purchaser’s property by the plaintiff (if established) into any thing out of which a lien could arise on the sixteen bales in controversy, is still more far fetched. At most, the defendant could only elect to change such conversion into goods sold and delivered; and the sum due therefor could in no way be a mercantile advance by a factor to his principal. The. fact that the same property had originally belonged to the plaintiff was immaterial. It had been bought and paid for ; and the parties, so far as it was concerned, stood in the position of entire strangers. Ho presumption could arise from *425 the customs or necessities of commerce, that if the plaintiff unlawfully possessed himself of the defendant’s property, the latter in exercising his right to elect to consider it a sale, could hold merchandise in his possession to be sold by him as factor of the plaintiff, as security for the payment of the value of such property. Torts are not ordinary transactions in trade and therefore not subjects of lien. (Sturgis v. Slacum, 18 Pick. 36.) Nor can the right of election which the law gives the party injured to convert a tort into a contract of sale be extended to create a lien for the money which would become due thereby upon goods held in pursuance of an ordinary commercial relation. I apprehend, that the doctrine of a factor’s lien for a general balance of account never went so far, as to embrace even the price of goods sold by a factor to his principal not connected with the general purposes of their relation as principal and agent.
The direction to find a verdict for the defendant was therefore erroneous; but a question arises as to the proper judgment to be rendered, owing to the case having been settled without the examination of the presiding judge. The clerk's minutes show that the exceptions in the case were ordered in the first instance to be heard at general term ; and not that the verdict was taken subject to the opinion of the court. The case containing the exceptions annexed to the record must be amended to conform to such minutes, and a new trial must be ordered on the present argument.